UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:  19-cv-62176

NORTHSTAR MOVING HOLDING
COMPANY, INC. d/b/a NORTHSTAR
MOVING and NORTHSTAR MOVERS,

       Plaintiff

v.

NORTHSTAR MOVERS, KING DAVID VAN LINES,
OHAD GUZI, DAVID SUSTIEL, ITZHAK
BOKOBZA And DOES 1-10,

       Defendants
_____/

### DEFENDANTS', NORTHSTAR MOVERS, OHAD GUZI, and ITZHAK BOKOBZA'S AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, NorthStar Movers, Ohad Guzi, and Itzhak Bokobza, hereby file an amended motion to dismiss pursuant to 12(b)(6), Federal Rules of Civil Procedure, and as grounds thereof, states as follows:

### FACTUAL ALLEGATIONS

Plaintiff Northstar Moving Holding Corporation alleges that it owns the trademark **"NORTHSTAR MOVERS."** D.E. 1, ¶¶ 22, 25, 27, 33, 34.  Plaintiff was formed on June 17, 2015.  [D.E. 26-1].  Plaintiff further claims it owns a stylized "N" design and that it was first used in commerce since 1994. *Id*. ¶ 32.

The Plaintiff alleges defendants, Northstar Movers, King David Van Lines, and individual defendants Ohad Guzi and Itzhak Bokobza, have been using Plaintiff's trademark by registering domain names that contain Plaintiff's Northstar Trademarks including www.northstarmovers.com.

1

D.E. 1, ¶ 45.  Plaintiff alleges that defendants have been using said trademarks on its website since 2007.  *Id*.  ¶ 40.  This lawsuit ensued.

## MOTION TO DISMISS STANDARD

On a motion to dismiss for failure to state a claim upon which relief may be granted, the court accepts the complaint's allegations as true and construes them in the light most favorable to the plaintiff. *Domond v. PeopleNetwork APS*, 748 F. App'x 261, 262 (11th Cir. 2018). Nevertheless, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief and that requires more than labels and conclusions, as a formulaic recitation of elements will not suffice. *Id*.; Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive, a complaint must contain facts sufficient to support a plausible claim for relief. *Domond v. People Network APS*, 748 F. App'x 261, 262; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may take judicial notice of public records. *Domond v. PeopleNetwork APS*, 748 F. App'x 261, 262; *Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1280 (11th Cir. 1999). As it applies to trademark infringement actions, a plaintiff must allege facts supporting prior use of the mark. *Sesderma, S.L. v. Mediderm Labs., LLC*, No. 17-24635, 2018 U.S. Dist. LEXIS 197799, at *7-8 (S.D. Fla. Nov. 19, 2018)(dismissing trademark infringement and unfair competition claims under Rule 12(b)(6) because pleading instance of one sale was deemed not sufficient to establish use of the mark in commerce).

## ARGUMENT

A. **Northstar Movers should be dismissed since it is not a separate legal entity but rather a Fictitious Name.**

Plaintiff alleges claims against "Northstar Movers."  Plaintiff acknowledges that King David Van Lines is using Northstar Movers as a fictitious name. D.E. 1, ¶ 40.  "A fictitious business name does not establish a separate legal entity.... Instead, [it] is more properly

characterized as an alias-it is solely a descriptive term." *Jacobson v. Hill*, 2013 WL 12142553, *1 (S.D. Fla. Sept 10, 2013). citing *Cusano v. Horipro Entertainment Group*, 301 F.Supp.2d 272, 277 (S.D.N.Y. 2004). See also *Gave-Jov Corp., Inc. v. Crow* (*In re Gave-Jov Corp., Inc.*), 84 B.R. 235, 237 (Bankr. M.D. Fla. 1988)(Horses registered to fictitious name were deemed owned by the individuals, where the fictitious name was registered in Florida to the individuals.); *Ratner v. Hensley*, 303 So. 2d 41, 45-46 (Fla. 3d DCA 1974), receded from on other grounds by *Barton v. Keys Co.*, 305 So. 2d 269 (Fla. 3d DCA 1974)(Court found "that appellant's defense that there is no legal entity known as Interama Distributors is insufficient as a matter of law. 'After all, a name is but the designation of a person, a means of identification'.... [T]he court found sufficient evidence to adduce that appellant was doing business as Interama Distributors."). In *Mastro v.Seminole Tribe of Fla.*, 578 F. App'x 801, 802-03 (11th Cir. 2014) the court affirmed dismissal of a defendant where defendant was "not a separate legal entity, but instead merely a fictitious name with no independent existence under which the [co-defendant] conducts business."

Here, Northstar Movers is not a separate legal entity. Rather, it is an alias for King David Van Lines. A copy of the Sunbiz records is attached as Exhibit 2. The Court may consider Sunbiz records on a motion to dismiss. *Woody v. Delray Medical Center*, 2016 WL 705965 (S.D. Fla. Feb 23, 2016) citing *Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n*, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment....Public records are among the permissible facts that a district court may consider."). Because defendant "Northstar Movers" is not a separate entity, it should be dismissed from this action.

**B.      Plaintiff fails to allege sufficient facts against the individual defendants.**

   **1.      Plaintiff fails to allege facts against Guzi to establish individual liability.**

As to Counts I-IV, VI and VII, an individual can only be liable for a corporation's violations of the Lanham Act or similar state law claims where the individual "actively caused the infringement as a moving, conscious force." *Chanel, Inc. v. Italian Activewear of Florida, Inc*. 931 F.2d 1472, 1477 (11th Cir. 1991). "Natural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act" if, as a business entity's agent, an individual "actively caused the infringement, as a moving, conscious force." *Id*. (citing *Mead Johnson & Co. v. Baby's Formula Serv., Inc*., 402 F.2d 19 (5th Cir.1968)). "Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *Babbit Elecs., Inc. v. Dynascan Corp*., 38 F.3d 1161, 1184 (11th Cir.1994).

   Here, plaintiff's allegations are insufficient to survive a motion to dismiss against Ohad Guzi.  Plaintiff does not allege that Ohad Guzi is an owner, principal, or agent of King David Van Lines, or that he directed, controlled, ratified, participated in, or was the moving force behind the infringing activity.  D.E. 1.  In fact, the public records establish that Ohad Guzi was not an owner, officer, or principal of King David Van Lines.  [D.E. 26-1].  Additionally, though Plaintiff alleges that Ohad Guzi was a member of Northstar Movers, the public records do not establish that Ohad Guzi had any affiliation with a company using the fictitious name Northstar Movers.  [D.E. 26-2].  In fact, Northstar Movers is not a separate entity, but rather, it is being alleged that King David Van Lines registered the fictitious name Northstar Movers.  A fictitious business name does not establish a separate legal entity.... Instead, [it] is more properly characterized as an alias-it is solely a descriptive term." *Jacobson v. Hill*, 2013 WL 12142553, * 1 (S.D. Fla. Sept 10, 2013).

Similarly, as to Count V (FDUPTA), in order to hold an individual personally liable for a corporation's actions under FDUPTA, "an aggrieved party must allege that the individual was a direct participant in the improper dealings." *KC Leisure, Inc. v. Haber*, 972 So.2d 1069, 1074 (Fla. 5th DCA 2008), and cases cited therein. Once again, Plaintiff does not allege that Guzi was a direct participant, and therefore, does not meet even this basic pleading requirement. Count V against Guzi should also be dismissed against Guzi.   Accordingly, Ohad Guzi should be dismissed from this action.

    2.    **Plaintiff fails to allege facts against Bokobza to establish individual liability.**

Likewise, Plaintiff fails to sufficiently allege individual liability against Bokobza.  Though Bokobza is alleged to be President of King David, Plaintiff does not specifically allege that Bokobza directed, controlled, ratified, participated in, or was the moving force behind the infringing activity.  Thus, Counts I, II, III, IV, VI, and VI should be dismissed against Bokobza.

Similar to Guzi, Plaintiff does not allege that Bokobza was a direct participant, and therefore, does not meet even this basic pleading requirement. Accordingly, Count V against Bokobza. should also be dismissed.

**C.**    **Plaintiff fails to state a claim for common law trademark infringement (Counts III and IV), unfair competition (Count V).**

Under Florida law, the first to use a mark on a product or service in a particular geographic market, the senior user, acquires rights in the mark in that market. *Tally-Ho, Inc. v. Coast Community College Distr.*, 889 F.2d 1018, 1023 (11th Cir. 1989).  "An infringement action is based on the likelihood of consumer confusion between suppliers of competing goods in the same geographic locale." *Id at* 1024.  "[U]nder common law principles, the senior user of a mark cannot monopolize markets that neither his trade nor his reputation has reached." *Id. at* 1027-28 (11th Cir. 1989).  Thus, "[a] senior user's rights also are geographically limited to only those territories in

5

which it actually uses its mark or into which it might naturally expand (the 'zone of natural expansion).' " *Id. at* 1022.  This "zone of natural expansion" doctrine provides the senior user with some limited "breathing space" in which to expand beyond its current actual use. *Id*.  If the defendant uses a trademark similar to the plaintiff's, but the use is not in connection with competing goods or services, then defendant has not infringed plaintiff's trademark. *See Id.; see also HBP, Inc. v. American Marine Holdings, Inc.*, 290 F.Supp.2d 1320, 1333 (M.D. Fla. 2003).  In *Southeast Nutrition Centers, Inc. v. Mayo Foundation For Medical Education and Research*, 135 F. Supp 3d 1267, 1274-75 (N.D. Ga Oct 29, 2013), the court based its dismissal of the common law trademark claims on the ground that plaintiff did not allege the geographic area in which it actually used the mark.

Here, defendants have scoured the complaint to determine whether plaintiff alleges the geographic area it used its purported trademarks.  Defendants have not found such as allegation by plaintiff.  Because plaintiff does not narrow down the geographic area of use, plaintiff's common law trademark infringement and unfair competition claims should be dismissed.  *Tally-Ho, Inc. supra.; See Southeast Nutrition Centers, Inc. supra.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of defendants', NorthStar Movers, Ohad Guzi, and Itzhak Bokobza, amended motion to dismiss was filed with the clerk of court via the CM/ECF system this 25th day of October, 2019.

                                              SOLNICK LAW P.A.
                                              17501 Biscayne Boulevard, Suite 420
                                              Aventura, FL 33160
                                              Tel: 305-629-6530
                                              Email: pete@solnicklaw.com

                                              /s/ *Peter J. Solnick*
              By: _____
                                            Peter J. Solnick, Esq./Fla. Bar. 670006