## UNITED STATES DISTRICT COURT
### Southern District of Florida
### Fort Lauderdale Division

NorthStar Moving Holding Company, Inc.,
d.b.a. NorthStar Moving and NorthStar
Movers,

    CASE NUMBER: 0:19-CV-62176-WPD

   Plaintiff,

vs.

King David Van Lines, Ohad Guzi, Itzhak
Bokobza, and David Sustiel

   Defendants.

_____/

## SECOND AMENDED COMPLAINT FOR
## DAMAGES AND INJUNCTIVE RELIEF

Plaintiff NorthStar Moving Holding Company, Inc., d.b.a. NorthStar Moving and NorthStar Movers ("Northstar" or "Plaintiff"), pursuant to this Court's January 7, 2020 Order [D.E. 42], files its Second Amended Complaint against Defendants King David Van Lines, Ohad Guzi ("Guzi"), Itzhak Bokobza ("Bokobza") and David Sustiel ("Sustiel") (collectively, "Defendants"), alleging as follows:

### PARTIES

1.  Plaintiff Northstar is a California corporation, with a business address at 9120 Mason Avenue, Chatsworth, California 91311.

2.  Defendant King David Van Lines is a Florida corporation and owner of a recently cancelled fictitious name registration for Northstar Movers, doing business as Northstar Movers, having an address at 6477 SW 191st Avenue, Pembroke Pines, Florida 33332 and an address at 2346 Thomas Street, Hollywood, Florida 33020.

3.     King David Van Lines was formed on January 8, 2007 by Sustiel as President and Bokobza as Vice President.  *See* Corporate Records, attached as **Exhibit 1**.

4.     King David Van Lines was voluntarily dissolved effective January 31, 2008. *Id.*

5.     King David Van Lines was reinstated as a Florida corporation on March 17, 2015 by Bokobza. *See* Sunbiz Corporate Records, attached as **Exhibit 2**.

6.     Guzi is an individual and resident in this district also known by the aliases Chad Guzi, Gio Guzi, and Giovanni Guzi.

7.     Bokobza is an individual and resident in this district.  Bokobza is the President and Registered Agent of Defendant King David Van Lines. See **Exhibit 2**.

8.     Sustiel is an individual and resident of Israel.

## JURISDICTION AND VENUE

9.     This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367 in that this action arises under Acts of Congress relating to trademarks, and the claims for unfair competition under state law are joined with substantial and related claims brought under the trademark laws.

10.     Venue is proper in this district under 28 U.S.C. § 1391(a)–(c) in that King David Van Lines, Bokobza and Guzi reside in this district, Sustiel is no longer a resident in the United States, and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

### *Plaintiff Establishes its Business*

11.     Plaintiff is a well-known moving company that specializes in local, national, and international moving services.

12.     Since its founding in 1994, Plaintiff has expanded its moving services to include storage, packing and unpacking services, and luxury packages.

13.     Plaintiff has invested considerable time, effort, and expense in developing the goodwill associated with its brand and related services.

14.     By virtue of longstanding, continuous use in commerce, Plaintiff has earned a reputation for quality and goodwill in the moving industry.

15.     Even celebrity A-listers and prominent individuals such as actress Angelina Jolie, athlete Derek Fisher, singer-songwriter Diana Ross, and Israeli Prime Minister Benjamin Netanyahu among dozens of others, have turned to Plaintiff as their trusted source for quality moving services.

16.     Plaintiff has enjoyed considerable success and recognition, appearing in various forms of media and earning multiple awards and recognitions published in *Vanity Fair*, *Fortune*, *Small Business Magazine*, *Hollywood Reporter*, *Los Angeles Times*, *Los Angeles Business Journal*, *San Fernando Business Journal*, and more.

17.     Plaintiff is accredited by the Better Business Bureau Code of Business Practices and continuously renews its accreditation certificate, having renewed this certificate through July of 2020 as shown in the attached **Exhibit 3**.

18.     Plaintiff has received numerous awards and accolades including the 2019 Award for Best Places to Work as shown in the attached **Exhibit 4**.

19.     Plaintiff has been recognized for its contributions to the community, including receiving: The Hunger Fighting Hero award by Move for Hunger as shown in the attached **Exhibit 5**; the 2019 World Refugees Day "Least We Can Do" – Award as shown in the attached **Exhibit 6**; the Certificate of Achievement award for Move for Hunger held in San Diego, California as shown in the attached **Exhibit 7**, and more.

20.     Plaintiff has been recognized as a Top Women-Owned Business, a recognition provided by the Los Angeles Business Journal, and co-founder Laura McHolm has received the Entrepreneur of the Year Award at the Women's Council & Awards event June 20, 2019.

21.     Plaintiff has also expanded its brand footprint and goodwill by offering a blog, moving tips, eco-friendly ("green") initiatives, community involvement, franchising opportunities and in other manners unsurpassed by common competitors.

22.     Plaintiff has provided its moving services to thousands of customers moving across the United States and Plaintiff's moving services have included moving customers into and out of Florida where King David Van Lines, Bokobza and Guzi are located.

23.     By virtue of its efforts, consumers have come to recognize Plaintiff's NORTHSTAR MOVING® and NORTHSTAR MOVERS® brands and trademarks as synonymous for quality service and goodwill.

### *Plaintiff Establishes its Marks*

24.     Plaintiff uses its well-known NORTHSTAR MOVING® and NORTHSTAR MOVERS® trademarks in connection with its moving and relocation services.

25.     Plaintiff is the owner of U.S. Trademark Registration Number 4,002,155, registered July 26, 2011 for the mark NORTHSTAR MOVING® for "moving services, namely,

moving of business and household furniture for others using ground transportation vehicles." Attached as **Exhibit 8** is a true and correct copy of U.S. Registration Number 4,002,155.

26.     Plaintiff's NORTHSTAR MOVING® trademark has been in use in commerce since at least as early as 1994.

27.     Plaintiff's NORTHSTAR MOVING® trademark has achieved incontestable status pursuant to Section 15 of the Lanham Act.

28.     The NORTHSTAR MOVING® registration is valid, enforceable, and in full force and effect.

29.     Plaintiff's registration described above is prima facie evidence of its enforceable rights in and to the trademark NORTHSTAR MOVING®.

30.     Plaintiff is also the owner of U.S. Trademark Registration Number 4,308,327, registered March 26, 2013 for the mark NORTHSTAR MOVERS® for "moving services, namely, moving of business and household furniture for others using ground transportation vehicles."  Attached as **Exhibit 9** is a true and correct copy of U.S. Registration Number 4,308,327.

31.     Plaintiff's NORTHSTAR MOVERS® trademark has been in use in commerce since at least as early as 2011.

32.     Plaintiff's NORTHSTAR MOVERS® trademark has achieved incontestable status pursuant to Section 15 of the Lanham Act.

33.     The NORTHSTAR MOVERS® registration is valid, enforceable, and in full force and effect.

34.     Plaintiff's registration described above is prima facie evidence of its enforceable rights in and to the trademark NORTHSTAR MOVERS®.

35.     Plaintiff also owns a stylized "N" design, shown in U.S. Registration Number 4,826,835 attached as **Exhibit 10**.

36.     Plaintiff is also the owner of Florida state Trademark Registration Number T19000000744, Registered June 26, 2019 for the mark NORTHSTAR MOVING® for "moving services, namely, moving of business and household furniture for others using ground transportation vehicles."   Attached as **Exhibit 11** is a true and correct copy of Florida State Registration Number T19000000744.

37.     As early as March 10, 2005, nearly fifteen years ago and long before Plaintiff filed for its Florida State Trademark Registration, Plaintiff used and relied on its federally registered NORTHSTAR MOVING® trademark in interstate commerce moving customers directly into Florida.

38.     Plaintiff's registered marks have been and are in continuous use in Florida today.

39.     In addition to its registered trademarks, Plaintiff is the owner of common law rights for its NORTHSTAR MOVING, NORTHSTAR MOVERS and NORTHSTAR MOVING COMPANY marks by virtue of use of the marks in commerce, and has owned rights to those marks long before Defendants' use.

40.     Plaintiff's first use of its NORTHSTAR MOVING common law trademark specifically into Florida began at least as early as 2005, and its first use in commerce throughout the U.S. began at least as early as 1994 – long before any use by Defendants; Plaintiff's use of NORTHSTAR MOVERS® began at least as early as 2011.

41.     A complete list of Plaintiff's pending and registered U.S. and international trademark applications and registrations is attached as **Exhibit 12**.

42.     Plaintiff also owns dozens of domain names containing the term NORTHSTAR and variations thereof, as shown in the attached **Exhibit 13**.

43.     Plaintiff advertises its trademarked services through its www.northstarmoving.com website, through Facebook, YouTube, Twitter, Yelp, on TV, and in printed media.

44.     Plaintiff also displays its trademarks in promotional materials for services and on moving trucks, moving equipment, employee uniforms, boxes, and on items used and transported in interstate commerce by Plaintiff and its authorized agents.

45.     Plaintiff's trademarks described above are collectively referred to hereinafter as the "NORTHSTAR TRADEMARKS."

### *Defendants Infringe Upon the NORTHSTAR TRADEMARKS*

46.     On May 15, 2017, Bokobza registered the infringing name Northstar Movers as the fictitious name for King David Van Lines, providing 2346 Thomas Street, Hollywood Florida as the mailing address. *See* **Exhibit** 2.

47.     The WHOIS record for the very next day, on May 16, 2017, shows Guzi as the registrant of the domain name www.northstarmovers.com, attached as **Exhibit 14**, which contains Plaintiff's registered NORTHSTAR MOVERS® trademark and infringes Plaintiff's rights by so doing.

48.     Less than a month later (and perhaps sooner), a website offering moving services under the infringing Northstar Movers name and brand becomes active and includes a contact address of 2300 Thomas Street, Hollywood Florida.  *See* **Exhibit 15**.

49.     This infringing website used the domain name www.northstarmovers.com provided by Guzi.

50.     Contemporaneously, Guzi was registered agent of Cross Country Movers LLC located at the same address, 2346 Thomas Street, Hollywood Florida, formed in February 2017 and dissolved in September 2018.  Guzi was then president of Transworld Movers, Inc. at 2346 Thomas Street, Hollywood Florida from February 2018 until its dissolution in September 2019.[1] *See* **Exhibit 16**.

51.     King David Van Lines became inactive sometime in 2018 and not reinstated until October 10, 2018 by Bokobza. *See* **Exhibit 2**.

52.     King David Van Lines offered moving services under the fictitious name Northstar Movers at least through the infringing website using the infringing domain name provided by Guzi from May 15, 2017 until an indeterminate period of inactivity in 2018 and then resumed when it was reinstated by Bokobza on October 10, 2018.  *See generally*, **Exhibits 15, 17, 19, 20 and 28.**

53.     After reinstatement, King David Van Lines continued to offer moving services under the infringing name and brand Northstar Movers at least until November 27, 2019. *See* **Exhibit 17**, p. 3.

54.     Between early 2018 through October 9, 2018 when King David Van Lines was inactive, Bokobza continued to offer moving services under the infringing Northstar Movers name and brand.  Bokobza offered these moving services under the infringing name and mark at least through the northstarmovers.com website using the infringing domain name provided by Guzi. *See* **Exhibit 15**.

55.     Despite Bokobza cancelling King David Van Line's fictitious name Northstar Movers on September 19, 2019, King David Van Lines continued to offer moving services under

---

[1] Previously, Guzi and Bokobza were officers together in ALL USA Van Lines, Inc. and 24/7 Moving Services Inc., both with the same mailing address 2346 Thomas Street, Hollywood, Florida.  *See* **Exhibit 16**.

the Northstar Movers name and brand. *See, e.g.,* December 2, 2019 Complaint referencing date of service of 11/27/2019 from the Better Business Bureau, attached as **Exhibit 17,** p. 1.

56.     In 2018, Plaintiff received calls and emails from confused consumers checking on the status of their moves allegedly scheduled with Plaintiff that were actually offered by Defendant King David Van Lines.

57.     In February 2018, before reinstating King David Van Lines, Bokobza as owner of King David Van Lines misappropriated photographs from Plaintiff's website and Yelp page and posted these photographs on Yelp page for Northstar Movers to mislead customers. Two photographs are copied here:





58.     On July 30, 2018, Plaintiff sent Northstar Movers a cease and desist letter, a copy of which is attached as **Exhibit 18**.

59.     Plaintiff did not receive a response to the July 30, 2018 letter and King David Van Lines and Bokobza continued to offer moving services under the infringing Northstar Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi. *See* **Exhibit 15**.

60.     In October 2018, Plaintiff received a complaint from a disgruntled customer of King David Van Lines who believed she was using Plaintiff's moving services for a move between Tennessee and Colorado due to King David Van Lines utilizing Plaintiff's registered marks. *See* **Exhibit**s **19** and **20**.

61.     On June 18, 2019, Plaintiff sent King David Van Lines dba Northstar Movers and Guzi a second cease and desist letter, a copy of which is attached as **Exhibit 21**.

62.     Despite Plaintiff's cease and desist demand letters, King David Van Lines and Bokobza continued to offer moving services under the infringing Northstar Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi.

Defendants' unauthorized use after notice of Plaintiff's cease and desist demands constitutes willful infringement.

63.     Only after this action was commenced on August 29, 2019 did Bokobza cancel the infringing Northstar Movers fictitious name registration of King David Van Lines on September 19, 2019. *See* **Exhibit 22**.

64.     Even after the cancellation of the fictitious name registration, King David Van Lines and Bokobza continued to offer moving services under the infringing Northstar Movers name and brand at least until November 27, 2019, including for a move between Ohio and Florida. See **Exhibit 17**, p. 3.

65.     Defendants' use has caused confusion in the marketplace during the impending moving season and thereafter, causing damage to Plaintiff for which there is no adequate remedy at law.

66.     On information and belief, the unlawful activities alleged herein have been actively directed by Bokobza and Guzi, who are therefore joint tortfeasors with King David Van Lines with respect to the infringement and other torts alleged herein.

### *Defendants' Scheme to Defraud and Infringe*

67.     This is not the first time Defendants have been accused of bad acts and infringing activity of the nature alleged herein.

68.     Defendants are well skilled at attempting to anonymize their true identities and participate in the alleged wrongs by changing company names and addresses – with a long history of engaging in a practice of fraudulently and improperly hiding behind a sham corporate shell.

69.     Guzi and Bokobza have engaged in a pattern and practice of repeatedly forming moving companies, changing the moving companies' names and otherwise hiding behind sham

and fraudulent corporate forms for the improper purpose of avoiding liability for wrongdoing in the moving industry.  *See* **Exhibit**s **23** and **24**.

70.     Guzi and Bokobza have also engaged in a pattern and practice of repeatedly making unauthorized use of trademarks in the moving industry through their fraudulent corporate forms, including but not limited to the unauthorized use of Plaintiff's trademarked moving company name, NORTHSTAR MOVERS®. *See* **Exhibit 25**.

71.     Reports from 2009 show Guzi has been known to engage in a pattern and practice of "constantly changing names and re-starting" moving companies to hide from liability.



72.     Guzi has been named personally as a defendant in a case brought by the Attorney General of the State of Florida entitled *Attorney General of the State of Florida v. All USA Van Lines, Inc., Moving Group Inc., Top Movers Inc., Guzi's Investments LLC, Cross Country Movers*

LLC, 24/7 Moving Services, Inc., Transworld Movers Inc., Emoving Company, Ohad E. Guzi, Seventeenth Judicial Circuit, Broward County Florida Case Number CACE18029679. *See* Complaint attached as **Exhibit 26**.

73.     Guzi is named personally in an additional complaint for trademark infringement, dilution, unfair competition, and false advertising–also based on the unauthorized use of an identical trademark in the moving industry in the case entitled *Nationwide Van Lines, Inc. v. Transworld Movers Inc. and Ohad Guzi*, Case Number 0:18-cv-62833-MGC, pending in the Southern District of Florida. *See* Complaint attached as **Exhibit 27**.

74.     Guzi has been involved in a scheme of promoting various moving services "using various fictitious (trade) names that are substantially similar to the names used by other, long established interstate [moving companies]" as described in the case entitled *Office of the Attorney General, State of Florida v. US Moving Services Inc. et al.*, Case Number 1:18-cv-25446-CMA, pending in the Southern District of Florida. *Id.*

75.     Guzi has been associated with other moving company names such as: 24-7 Moving Services, Cross Country Movers, Transworld Movers, All USA Van Lines, First USA Movers, AM PM Relocations, Moving America Coast to Coast, AYG Relocations, many sharing the same Thomas Street address as Defendants King David Van Lines, and often formed and dissolved within a year, as shown in the attached **Exhibit 28**.

76.     Like Guzi,  Bokobza is tied to multiple moving company names such as: Four Star Transportation, American Eagle Van Lines, All Day Moving & Storage, All USA Van Lines and 24/7 Moving Services.  Guzi also is linked to the latter two, as shown in case Number CACE18029679. *See* **Exhibit 24**.

77.     Bokobza and Guzi  are repeat offenders in moving scam operations as explained

in the online community forum from 2007 below:



78.     Evidence of Bokobza's similar pattern and practice was reported in in 2003-2004

as shown below:



79.     Defendants' use is intentional and willful, as Defendants engage in a pattern and practice of capitalizing on the goodwill and reputation of others in the moving industry for their own commercial gain.

80.     At all times material hereto, Bokobza has treated King David Van Lines as his corporate alter ego.

81.     Defendant Bokobza personally registered Northstar Movers as a fictitious name of King David Van Lines as part of their scheme to defraud consumers by hiding behind a sham corporate form.

82.     Bokobza has directed, controlled, ratified, participated in, or was the moving force behind the acts of trademark infringement, both through the co-Defendant King David Van Lines, and individually by continuing to offer moving services under the infringing Northstar

Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi during periods in which King David Van Lines was inactive.

83.     Bokobza also is directly tied to the infringing activity here in that Plaintiff received a report from a disgruntled customer who confused Plaintiff with Defendant Northstar Movers after his furniture was not delivered and Bokobza (whose first name is pronounced "Isaac") offered a free dinner as compensation for not receiving her moving shipment from Defendants as shown in the attached **Exhibit 19.**

84.     Defendants are making unauthorized use of Plaintiff's registered NORTHSTAR TRADEMARKS in their website domain, within the website itself, and in online reviews, as shown in the attached **Exhibit 28.**

85.     Defendants' unauthorized use of the identical marks NORTHSTAR MOVING® and NORTHSTAR MOVERS® has caused actual confusion and will continue to cause confusion if left unstopped.

86.     Defendants' unauthorized use of Plaintiff's NORTHSTAR TRADEMARKS within and outside Florida has caused and will continue to cause confusion and resultant damage to Plaintiff if left unstopped.

87.     Plaintiff has retained the undersigned attorneys to represent its interests in this matter and is obligated to pay reasonable attorneys' fees for their services.

<u>**COUNT I**</u>
(Violation of Anticybersquatting Consumer Protection Act,
15 U.S.C. § 1125(d) against Guzi)

88.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

89.     This is a claim for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d), arising from Guzi's bad faith intent to profit from Plaintiff's valid NORTHSTAR TRADEMARKS and registration and use of the infringing domain names, including northstarmovers.com ("Infringing Domain Name").

90.     Without Plaintiff's consent, Defendant Guzi personally registered www.northstarmovers.com using his personal email, gio9177761990@gmail.com, and listing his personal address, 1700 N. Bay Rd., Miami, without listing any company name in the registration information. *See* **Exhibit 14.**

91.     Guzi also trafficked in the Infringing Domain Name by permitting Bokobza and King David Van Lines to use the Infringing Domain Name for the infringing website.

92.     Guzi used the Infringing Domain Name to promote competing goods and services and with the intent to divert consumers from Plaintiff and its website for commercial gain.

93.     At the time Guzi registered and renewed the Infringing Domain Name, Plaintiff's NORTHSTAR TRADEMARKS were well known and distinctive.

94.     The Infringing Domain Name is confusingly similar to the Plaintiff's NORTHSTAR TRADEMARKS since it incorporates the mark NORTHSTAR MOVERS® and is linked to a website to offer identical, competing and/or complementary services, specifically, moving services.

95.     Guzi registered and renewed the Infringing Domain Name with the bad faith intent to profit from the Plaintiff's NORTHSTAR TRADEMARKS.

96.     As a result of Guzi's willful and intentional actions, Plaintiff has been damaged in an amount to be proven at trial.

97.     Guzi's registration of the Infringing Domain Name has caused and will continue to cause, irreparable harm, damage and injury to Plaintiff and, unless restrained and enjoined by this Court.

98.     Guzi's intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit.

**<u>COUNT II</u>**
(Violation of Anticybersquatting Consumer Protection Act,
15 U.S.C. § 1125(d) against Bokobza)

99.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

100.    This is a claim for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d), arising from Bokobza's bad faith intent to profit from Plaintiff's valid NORTHSTAR TRADEMARKS and use of the infringing domain names, including northstarmovers.com ("Infringing Domain Name").

101.    Bokobza, as a corporate officer, president and alter ego of King David Van Lines dba Northstar Movers, utilized the Infringing Domain Name in commerce as Guzi's authorized licensee of the Infringing Domain Name.

102.    Bokobza used the Infringing Domain Name to promote his own competing goods and services and with the intent to divert consumers from Plaintiff and its website for commercial gain.

103.    At the time Bokobza used the Infringing Domain Name, Plaintiff's NORTHSTAR TRADEMARKS were well known and distinctive.

104.     The Infringing Domain Name is confusingly similar to the Plaintiff's NORTHSTAR TRADEMARKS since it incorporates the mark NORTHSTAR MOVERS® to offer identical, competing and/or complementary services, specifically, moving services.

105.     Bokobza used the Infringing Domain Name with the bad faith intent to profit from the Plaintiff's NORTHSTAR TRADEMARKS.

106.     Bokobza's willful and intentional actions have caused and will continue to cause, irreparable harm and damage and injury to Plaintiff, unless restrained and enjoined by this Court.

107.     As a result of Bokobza's willful and intentional actions, Plaintiff has been damaged in an amount to be proven at trial.

108.     Bokobza's intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit.

## <u>COUNT III</u>

(Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)
against King David Van Lines dba Northstar Movers)

109.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

110.     This is a claim for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d), arising from King David Van Lines' bad faith intent to profit from Plaintiff's valid NORTHSTAR TRADEMARKS and use of the infringing domain names, including northstarmovers.com ("Infringing Domain Name").

111.     Without permission from Plaintiff, King David Van Lines utilized the Infringing Domain Name in commerce, without permission from Plaintiff, as Guzi's authorized licensee of the Infringing Domain Name.

112.    King David Van Lines used the Infringing Domain Name to promote its own competing goods and services with the intent to divert consumers from Plaintiff and its website for commercial gain.

113.    At the time King David Van Lines used the Infringing Domain Name, Plaintiff's NORTHSTAR TRADEMARKS were well known and distinctive.

114.    The Infringing Domain Name is confusingly similar to the Plaintiff's NORTHSTAR TRADEMARKS since it incorporates the mark NORTHSTAR MOVERS® to offer identical, competing and/or complementary services, specifically, moving services.

115.    King David Van Lines used the Infringing Domain Name with the bad faith intent to profit from the Plaintiff's NORTHSTAR TRADEMARKS.

116.    King David Van Lines willful and intentional actions have caused irreparable harm, damage and injury to Plaintiff.

117.    As a result of King David Van Lines' willful and intentional actions, Plaintiff has been damaged in an amount to be proven at trial.

118.    King David Van Lines' intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit.

## **COUNT IV**

(Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114(1)]
against King David Van Lines)

119.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

120.    King David Van Lines uses Plaintiff's NORTHSTAR TRADEMARKS, or confusingly similar marks, in connection with the sale, offering or sale, and advertising of identical, competing services, specifically, moving services.

121. King David Van Lines infringes upon Plaintiff's NORTHSTAR TRADEMARKS, because it uses the NORTHSTAR TRADEMARKS or confusingly similar marks consisting of or including the word "NORTHSTAR MOVING" and/or "NORTHSTAR MOVERS" and/or derivatives thereof, in commerce without Plaintiff's consent.

122. King David Van Lines' use of Plaintiff's NORTHSTAR TRADEMARKS, or confusingly similar marks, is likely to create confusion, cause mistake or deceive.

123. King David Van Lines' actions have caused actual confusion in the market. *See* **Exhibit 19.**

124. King David Van Lines acted intentionally and with actual knowledge that, or with reckless disregard as to whether, its conduct infringes upon Plaintiff's rights.

125. King David Van Lines' use of the infringing marks is willful as it adopted the "NORTHSTAR MOVING" and "NORTHSTAR MOVERS" marks with notice and actual knowledge of Plaintiff's NORTHSTAR TRADEMARKS.

126. King David Van Lines' acts of infringement have and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar King David Van Lines from use of the NORTHSTAR TRADEMARKS in commerce in connection with its products.

127. King David Van Lines' intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## COUNT   V
(Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114(1)]
against Bokobza)

128.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

129.    Bokobza, as President of King David Van Lines, is individually liable the trademark infringement committed by King David Van Lines because Bokobza directed, controlled, ratified, participated in, or was the moving force behind the acts of trademark infringement. *See, e.g.,* **Exhibit 19.**

130.    At the direction of Bokobza, King David Van Lines used Plaintiff's NORTHSTAR TRADEMARKS, or confusingly similar marks, in connection with the sale, offering or sale, and advertising of identical, competing services, specifically, moving services.

131.    At the direction of Bokobza, King David Van Lines infringed upon Plaintiff's NORTHSTAR TRADEMARKS, because it uses the NORTHSTAR TRADEMARKS or confusingly similar marks consisting of or including the word "NORTHSTAR MOVING" and/or "NORTHSTAR MOVERS" and/or derivatives thereof, in commerce without Plaintiff's consent.

132.    This use of Plaintiff's NORTHSTAR TRADEMARKS, or confusingly similar marks, is likely to create confusion, cause mistake or deceive.

133.    These actions have caused actual confusion in the market. *See* **Exhibit 19.**

134.    King David Van Lines, at the direction of Bokobza, acted intentionally and with actual knowledge that, or with reckless disregard as to whether, its conduct infringes upon Plaintiff's rights.

135.     This use of the infringing marks is willful as it adopted and continued to use the "NORTHSTAR MOVING" and "NORTHSTAR MOVERS" marks with notice and actual knowledge of Plaintiff's NORTHSTAR TRADEMARKS.

136.     King David Van Lines' acts of infringement, which were at the direction of or controlled, ratified, or participated in by Bokobza, have and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Bokobza from use of the NORTHSTAR TRADEMARKS in commerce in connection with its products.

137.     Bokobza's intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

### COUNT  VI
(Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114(1)]
against Bokobza and Guzi when King David Van Lines Was Inactive)

138.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

139.     During the time that King David Van Lines was inactive as a company, Bokobza and Guzi continued to offer moving services under the infringing Northstar Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi.

140.     During this time, Northstar Movers, through Bokobza and Guzi, infringed upon Plaintiff's NORTHSTAR TRADEMARKS, because it used and continues to use the NORTHSTAR TRADEMARKS or confusingly similar marks consisting of or including the word "NORTHSTAR MOVING" and/or "NORTHSTAR MOVERS" and/or derivatives thereof, in commerce without Plaintiff's consent.

141.    Northstar Movers, through Bokobza and Guzi, used and continues to use Plaintiff's NORTHSTAR TRADEMARKS, or confusingly similar marks, in connection with the sale, offering or sale, and advertising of identical, competing services, specifically, moving services.

142.    The use of Plaintiff's NORTHSTAR TRADEMARKS, or confusingly similar marks, is likely to create confusion, cause mistake or deceive.

143.    Bokobza and Guzi's actions have caused actual confusion in the market.

144.    Bokobza and Guzi acted intentionally and with actual knowledge that, or with reckless disregard as to whether, its conduct infringes upon Plaintiff's rights.

145.    Bokobza and Guzi's use of the infringing marks is willful as it adopted the "NORTHSTAR MOVING" and "NORTHSTAR MOVERS" marks with notice and actual knowledge of Plaintiff's NORTHSTAR TRADEMARKS.

146.    Bokobza and Guzi's acts of infringement have and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Bokobza and Guzi from use of the NORTHSTAR TRADEMARKS in commerce in connection with its services.

147.    Bokobza and Guzi's intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## **<u>COUNT VII</u>**
(False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)]
against King David Van Lines)

148.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

149.     King David Van Lines' unauthorized use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the words "NORTHSTAR MOVING" and "NORTHSTAR MOVERS" and/or derivatives thereof is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of King David Van Lines with Plaintiff.

150.     King David Van Lines' unauthorized use of the NORTHSTAR TRADEMARKS is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of King David Van Lines with Plaintiff, or as to the origin, sponsorship, or approval of King David Van Lines' services, or commercial activities by Plaintiff.

151.     King David Van Lines' unauthorized use of the NORTHSTAR TRADEMARKS in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, and/or geographic origin of King David Van Lines' products and is merely an attempt to capitalize on the goodwill established by Plaintiff.

152.     King David Van Lines' infringing actions are intentional and willful, as King David Van Lines adopted its NORTHSTAR MOVING and NORTHSTAR MOVERS marks with notice and actual knowledge of Plaintiff's NORTHSTAR TRADEMARKS, and King David Van Lines refuses to cease its infringing activity notwithstanding Plaintiff's assertion and notice of its rights.

153.     King David Van Lines' acts of infringement have and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar King David Van Lines from use of the NORTHSTAR TRADEMARKS in commerce in connection with their services.

154.    King David Van Lines' intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## COUNT VIII
(Contributory Trademark Infringement against Guzi)

155.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

156.    At all times material hereto, Guzi controlled and/or monitored the activities of the infringing website and had actual or constructive knowledge of the infringement on the website and through the use of his registered domain name www.northstarmovers.com.

157.    Guzi actively and intentionally induced or materially contributed to the infringing acts committed by Bokobza and King David Van Lines with knowledge that such acts constitute trademark infringement. These acts include but are not limited to directing and/or approving the use of the Infringing Domain Name for a website offering identical, competing and/or complementary services, specifically, moving services under the infringing Northstar Movers name and brand.

158.    Guzi's willful and intentional acts have led and will lead to foreseeable harm and injury to Plaintiff.

159.    Guzi's acts have and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Guzi from using, directly or indirectly, the NORTHSTAR TRADEMARKS in commerce in connection with moving services.

160.    Guzi's intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

**COUNT  IX**

(Trademark Infringement under Florida Registration and Protection of Trademarks Act (FRPTA)
[Section 495.131, Florida Statutes] against King David Van Lines)

161.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

162.    Plaintiff owns a valid trademark entitled to protection under Section 495.061, Florida Statutes.

163.    King David Van Lines' use of the mark "NORTHSTAR MOVERS," including any reproduction, counterfeit, copy, or colorable imitation of  Plaintiff's NORTHSTAR TRADEMARKS in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with moving is unauthorized by Plaintiff and is likely to cause confusion, to cause mistake, or to deceive.

164.    King David Van Lines' unauthorized use of the mark "NORTHSTAR MOVERS," including any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's NORTHSTAR TRADEMARKS and such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale, distribution, or advertising of moving related services on or in connection with, including but not limited to the infringing website, is likely to cause confusion, to cause mistake, or to deceive.

165.    King David Van Lines' use of the mark "NORTHSTAR MOVERS" in connection with moving services is likely to cause confusion, mistake, and deception among consumers as to whether King David Van Lines' goods and services are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff when they are in fact not.

166.     King David Van Lines' willful and intentional conduct constitutes trademark infringement under Florida law, and has caused and will continue to cause Plaintiff to incur damage.

167.     King David Van Lines' willful and intentional conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

168.     Plaintiff is entitled to, among other relief, an award of actual damages, injunctive relief, King David Van Lines' profits, treble damages, reasonable attorneys' fees and court costs.

## COUNT X
(Trademark Infringement under Florida Registration and Protection of Trademarks Act (FRPTA) [Section 495.131, Florida Statutes] against Bokobza and Guzi)

169.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

170.     Plaintiff owns a valid trademark entitled to protection under Section 495.061, Florida Statutes.

171.     During periods in which King David Van Lines was inactive, Bokobza continued to offer moving services under the infringing Northstar Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi.

172.     Further, King David Van Lines' use, by, through and at the direction of Bokobza, of the mark "NORTHSTAR MOVERS," including any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's NORTHSTAR TRADEMARKS in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with

moving services, at least through the infringing website, is unauthorized by Plaintiff and is likely to cause confusion, to cause mistake, or to deceive.

173.    King David Van Lines' use, by, through and at the direction of Bokobza, of the mark "NORTHSTAR MOVERS" in connection with moving services is likely to cause confusion, mistake, and deception among consumers as to whether King David Van Lines' goods and services are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff when they are in fact not.

174.    Bokobza and Guzi's willful and intentional conduct constitutes trademark infringement under Florida law, and has caused and will continue to cause Plaintiff to incur damage.

175.    Bokobza and Guzi's willful and intentional conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

176.    Plaintiff is entitled to, among other relief, an award of actual damages, injunctive relief, Defendants' profits, treble damages, reasonable attorneys' fees and court costs.

## COUNT  XI
(Trademark Infringement under Florida Common Law against King David Van Lines)

177.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

178.    King David Van Lines' use of the mark "NORTHSTAR MOVERS," including any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's NORTHSTAR TRADEMARKS and such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in

connection with the sale, distribution, or advertising of moving related services on or in connection with which such use is unauthorized by Plaintiff and is likely to cause confusion, to cause mistake, or to deceive.

179.    King David Van Lines' use of the mark "NORTHSTAR MOVERS" is likely to cause confusion, mistake, and deception among consumers as to whether Defendants' goods and services are endorsed by, are connected with, are authorized by, or are otherwise associated with Plaintiff.

180.    King David Van Lines' willful and intentional conduct constitutes trademark infringement under common law.

181.    King David Van Lines' willful and intentional conduct constitutes trademark infringement of Plaintiff's superior rights under Florida common law, and has caused and will continue to cause Plaintiff to incur damage.

182.    King David Van Lines' willful and intentional conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

183.    Plaintiff is entitled to, among other relief, an award of actual damages, injunctive relief, King David Van Lines' profits, destruction of infringing goods, possible treble damages, and reasonable attorneys' fees and court costs.

## COUNT  XII
(Trademark Infringement under Florida Common Law against Bokobza and Guzi )

184.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

185.     During periods in which King David Van Lines was inactive, Bokobza continued to offer moving services under the infringing Northstar Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi.

186.     Further, King David Van Lines' unauthorized use, by, through and at the direction of Bokobza, of the mark "NORTHSTAR MOVERS," including any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's NORTHSTAR TRADEMARKS and such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale, distribution, or advertising of moving related services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

187.     King David Van Lines' unauthorized use, by, through and at the direction of Bokobza, of the mark "NORTHSTAR MOVERS" is likely to cause confusion, mistake, and deception among consumers as to whether Defendants' goods and services are endorsed by, are connected with, are authorized by, or are otherwise associated with Plaintiff.

188.     Bokobza and Guzi's willful and intentional conduct constitutes trademark infringement under common law.

189.     Bokobza and Guzi's willful and intentional conduct constitutes trademark infringement of Plaintiff's superior rights under Florida common law, and has caused and will continue to cause Plaintiff to incur damage.

190.     Bokobza and Guzi's willful and intentional conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

191.     Plaintiff is entitled to, among other relief, an award of actual damages, injunctive relief, Bokobza and Guzi's profits, destruction of infringing goods, possible treble damages, and reasonable attorneys' fees and court costs.

**COUNT  XIII**
(Unfair Competition under Florida Deceptive and Unfair Trade Practices Act (FDUTPA)
[Sections 501.201 to 501.213, Florida Statutes] against King David Van Lines)

192.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

193.     By misappropriating and using the confusingly similar NORTHSTAR MOVERS name without authority from Plaintiff, King David Van Lines has falsely designated and falsely represented that the moving related goods and services they promote, advertise, offer for sale, sell, and/or distribute originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff, the owner of Florida and federal trademark registrations for the NORTHSTAR TRADEMARKS.

194.     King David Van Lines has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce.

195.     King David Van Lines' actions have been willful and deliberate, and  are intended to benefit King David Van Lines at Plaintiff's expense.

196.     As a direct and proximate result of King David Van Lines ' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.  King David Van Lines' actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff, unless preliminarily and permanently enjoined.

197.    King David Van Lines is realizing profit and will continue to realize a profit from their unlawful actions.

198.    Plaintiff is entitled to an award of actual damages and such other, further, and different relief as the Court may deem proper under the circumstances.

## COUNT XIV
(Unfair Competition under Florida Deceptive and Unfair Trade Practices Act (FDUTPA)
[Sections 501.201 to 501.213, Florida Statutes] against Bokobza and Guzi)

199.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

200.    During periods in which King David Van Lines was inactive, Bokobza continued to offer moving services under the infringing Northstar Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi.

201.    By misappropriating and using the confusingly similar NORTHSTAR MOVERS name without authority from Plaintiff, King David Van Lines, through the website established by Bokobza and Guzi, has falsely designated and falsely represented that the moving related goods and services they promote, advertise, offer for sale, sell, and/or distribute originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff, the owner of Florida and federal trademark registrations for the NORTHSTAR TRADEMARKS.

202.    Bokobza and Guzi have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce.

203.    Bokobza and Guzi's actions have been willful and deliberate, and are intended to benefit Northstar Movers at Plaintiff's expense.

204.    As a direct and proximate result of Bokobza and Guzi's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.  Bokobza and Guzi's actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff, unless preliminarily and permanently enjoined.

205.    Bokobza and Guzi are realizing profit and will continue to realize a profit from their unlawful actions.

206.    Plaintiff is entitled to an award of actual damages and such other, further, and different relief as the Court may deem proper under the circumstances.

### COUNT XV
(Unfair Competition under Florida common law against King David Van Lines)

207.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

208.    By misappropriating and using the confusingly similar NORTHSTAR MOVERS name without authority from Plaintiff, King David Van Lines has falsely designated and falsely represented that the goods and services they promote, advertise, offer for sale, sell, and/or distribute originate from, are endorsed by, are connected with, are authorized by, or are otherwise associated with Plaintiff, the owner of Florida and federal trademark registrations for the NORTHSTAR TRADEMARKS.

209.    King David Van Lines has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce which constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of Florida.

210.    King David Van Lines' actions have been willful and deliberate, and are intended to benefit King David Van Lines at Plaintiff's expense.

211.     As a direct and proximate result of King David Van Lines' willful and intentional conduct, Plaintiff has suffered damages in an amount to be determined at trial. King David Van Lines' actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff, unless preliminarily and permanently enjoined.

212.     King David Van Lines is realizing profit and will continue to realize a profit from their unlawful actions.

213.      King David Van Lines' willful and intentional conduct constitutes unfair competition under Florida common law.

214.     Plaintiff is entitled to an award of actual damages and such other, further, and different relief as the Court may deem proper under the circumstances.

## COUNT  XVI
(Unfair Competition under Florida common law against Bokobza and Guzi)

215.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 87, as though fully set forth herein.

216.     During periods in which King David Van Lines was inactive, Bokobza continued to offer moving services under the infringing Northstar Movers name and brand at least through the infringing website using the infringing domain name provided by Guzi.

217.     By misappropriating and using the confusingly similar NORTHSTAR MOVERS name without authority from Plaintiff, King David Van Lines, at least through the infringing website established by Bokobza and Guzi, has falsely designated and falsely represented that the goods and services they promote, advertise, offer for sale, sell, and/or distribute originate from, are endorsed by, are connected with, are authorized by, or are otherwise associated with Plaintiff, the owner of Florida and federal trademark registrations for the NORTHSTAR TRADEMARKS.

218.    Bokobza and Guzi have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce which constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of Florida.

219.    Bokobza and Guzi's actions have been willful, deliberate, and intended to benefit Defendants at Plaintiff's expense.

220.    As a direct and proximate result of Bokobza and Guzi's willful and intentional conduct, Plaintiff has suffered damages in an amount to be determined at trial. Bokobza and Guzi's actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff, unless preliminarily and permanently enjoined.

221.    Bokobza and Guzi are realizing profit and will continue to realize a profit from their unlawful actions.

222.    Bokobza and Guzi's willful and intentional conduct constitutes unfair competition under Florida common law.

223.    Plaintiff is entitled to an award of actual damages such other, further, and different relief as the Court may deem proper under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment against Defendants as follows:

a.    For an award of actual damages according to proof, but in no event less than $3,000,000;

b.    For disgorgement of Defendants' profits, but in no event less than $3,000,000;

c.    For a judgment that Defendants' infringement, unfair competition, and violation of the Anticybersqutting Consumer Protection Act has been willful;

d.    For reasonable attorney's fees and costs of suit, including under 15 U.S.C. § 1117;

e.   For pre-judgment interest on all amounts claimed as permitted by law;

f.   For an order enjoining Defendants from using in commerce the marks NORTHSTAR MOVING and NORTHSTAR MOVERS in connection with moving, storage and relocation services;

g.   For an order impounding for destruction all marketing materials, and other articles bearing the NORTHSTAR MOVING and NORTHSTAR MOVERS trademarks;

h.   For an order requiring Guzi to transfer the infringing domain www.northstarmovers.com;

i.   For an order requiring Defendants to engage in corrective advertising to restore, to the fullest extent possible, the value of Plaintiff's NORTHSTAR TRADEMARKS.

j.   At Plaintiff's election before final judgment, award to Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(d) in the amount of $100,000 per Infringing Domain Name for violation of 15 U.S.C. § 1125(d)(1)(A);

k.   For punitive damages; and

l.   For such other, further, and different relief as the Court may deem proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

Dated:  January 21, 2020.

SHUTTS & BOWEN LLP
Attorneys for Plaintiff
*NorthStar Moving Holding Company, Inc.,*
*d.b.a. NorthStar Moving and NorthStar*
*Movers*
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, FL  33401
Telephone:  (813) 229-8900
Facsimile:  (813) 229-8901


By:  _____ */s/ Joseph W. Bain* _____
       Joseph W. Bain
       Florida Bar No. 860360

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of January 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties of record.

Dated:  January 21, 2020.

By:     */s/ Joseph W. Bain*
       Joseph W. Bain
       Florida Bar No. 860360
       jbain@shutts.com