UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-62176 (DIMITROULEAS/SNOW)

NorthStar Moving Holding Company, Inc.,
d.b.a. NorthStar Moving and NorthStar
Movers,

    Plaintiff,

v.

King David Van Lines, Ohad Guzi, and
Itzhak Bokobza,

    Defendants.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT ITZHAK BOKOBZA

THIS CAUSE is before the Court upon Plaintiff's Agreed Motion for Entry of Consent Final Judgment and Permanent Injunction as to Itzhak Bokobza (the "Motion") [DE 173], filed on July 6, 2021. The Court has carefully considered the Motion and the record and is otherwise fully advised in the premises.

Plaintiff, NorthStar Moving Holding Company, Inc. ("Plaintiff") and Defendant Itzhak Bokobza (the "Consent Judgment Defendant"), stipulate and consent to the following:

**WHEREAS**, the Consent Judgment Defendant is and has been president of co-defendant King David Van Lines while it adopted and began using NORTHSTAR MOVERS as a trade name and trademark of King David Van Lines in the United States that allegedly infringe and dilute the distinctive quality of Plaintiff's various registered trademarks, identified in Paragraphs 25, 30, 35, 36 of Plaintiff's Second Amended Complaint [DE 43], including NORTHSTAR MOVING and NORTHSTAR (the "Plaintiff's Marks");

**WHEREAS,** Defendant King David Van Lines used the name and mark NORTHSTAR MOVERS which incorporates one or more of the Plaintiff's Marks and are likely to cause confusion as to source or origin;

**WHEREAS**, Plaintiff and the Consent Judgment Defendant desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiff's good faith prior use of Plaintiff's Marks and its federal and state registrations of Plaintiff's Marks, Plaintiff has superior and exclusive rights in and to the Plaintiff's Marks and registrations in the United States and against any confusingly similar names or marks.

**IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED** that:

1. Plaintiff's Motion [DE 173] is **GRANTED**. Final Judgment is entered in favor of Plaintiff and against the Consent Judgment Defendant.

2. The Consent Judgment Defendant and all persons in active concert and participation with him are hereby permanently restrained and enjoined from:

   a. advertising, promoting, marketing, selling or offering to sell any infringing services using NORTHSTAR MOVERS or any mark confusingly similar to any of the Plaintiff's Marks;

   b. registering or applying to register any mark, domain name, trade dress, social media profile/account, or other intellectual property of any kind that is confusingly similar to or likely to cause confusion with any of Plaintiff's Marks;

   c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Consent Judgment Defendant as being

       sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    d.    falsely representing the Consent Judgment Defendant as being connected with Plaintiff, through sponsorship or association;

    e.    engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Consent Judgment Defendant, are in any way endorsed by, approved by, and/or associated with Plaintiff;

    f.    using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods or services sold by the Consent Judgment Defendant;

    g.    using in connection with the sale of any services, a false description or representation, including words or other symbols tending to falsely describe or represent the Consent Judgment Defendant's services as being those of Plaintiff, or in any way endorsed by Plaintiff; and

    h.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

3.     Consent Judgment Defendant shall work cooperatively with Plaintiff, to the best of his ability with limited technological skills to correct the Residual Use of Plaintiff's Marks in the third party websites as shown in the attached Exhibit 1 by requesting that the Residual Use be removed. Consent Judgment Defendant shall work cooperatively with Plaintiff to execute any and all additional

documents and authorizations and join phone calls arranged by Plaintiff that are required to permanently discontinue the Residual Use.

4. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by the Consent Judgment Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

5. The claims for all other relief against Consent Judgment Defendant not provided in this Consent Judgment and Consent Injunction are dismissed with prejudice against Consent Judgment Defendant.

6. Each party shall bear its own attorney's fees and costs.

7. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida on this 7th day of July, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished:
All counsel of record