IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO.: 0:19-CV-62176-DIMITROULEAS/SNOW

**NORTHSTAR MOVING HOLDING COMPANY, INC.,**

    Plaintiff,

v.

**KING DAVID VAN LINES et al,**

    Defendant.

                                       /

## MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENTS

Defendant Ohad Guzi ("Guzi"), pursuant to Fed. R. Civ. P. 37(a)(3)(iv), hereby moves to compel Plaintiff Northstar Moving Holding Company, Inc. ("Plaintiff") to produce settlement agreements with the other defendants Itzhak Bokobza ("Bokobza") and King David Van Lines ("King David") and requests an expedited hearing and states:

## INTRODUCTION

This is a trademark infringement case involving the marks NORTHSTAR MOVERS and NORTHSTAR MOVING.  Plaintiff settled with defendant Bokobza and obtained a default judgment against King David.  [D.E. 185; D.E. 210].  It is unknown whether there is a settlement with King David.  This case is set for trial on the **October 4, 2021 trial docket** with calendar call on **October 1, 2021**.  As such, Guzi requests an **expedited response or hearing before the trial period**.

Plaintiff's counsel advised the undersigned on August 23, 2021 that a payment was made by Bokobza to Plaintiff and a settlement agreement exists but that the settlement agreement would not be produced because there is a confidentiality clause in the settlement agreement.  Prior to this,

1

Guzi did not know if money was exchanged. Plaintiff already agreed to produce all settlement agreements with other parties in this case in response to Guzi's first request for production nos. 9-11 back on October 16, 2020. Ex. 1, RFP's 9-11, p. 8-9.

Undersigned sent follow-up emails on August 31, 2021 and September 2, 2021 requesting the settlement agreement and then had a phone call with Plaintiff's counsel on September 2, 2021 but Plaintiff does not agree to produce the settlement agreement(s). Ex. 2-3. Undersigned counsel advised Plaintiff's counsel on this call to comply with any notice requirements to Bokobza or King David of Guzi's requests to produce the settlement agreements to avoid a claim for breach.

## MEMORANDUM OF LAW

### I.     PLAINTIFF AGREED TO PRODUCE SETTLEMENT AGREEMENTS

Discovery obligations are continuing per Fed. R. Civ. P. 26(e) and Plaintiff already agreed to produce any settlement agreements, releases, and covenants not to sue with Bokobza and King David:

> **REQUEST FOR PRODUCTION NO. 9:**
> Settlement agreements with any person or entity identified, referred to, or discussed in the second amended complaint.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
> Plaintiff objects to this request on the grounds vague and ambiguous as to the phrase "settlement agreements with." Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or the work product doctrine. Plaintiff likewise objects to the extent this request seeks information that is currently in the possession of Defendants – to the extent it seeks settlement agreements already sent to Defendants.
>
> Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will produce settlement agreements previously sent to Defendants' counsel. No further agreements exist.

> REQUEST FOR PRODUCTION NO. 10:
>
> Releases, whether actual or executory, with any person or entity identified, referred to, or discussed in the second amended complaint.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 10:
>
> Plaintiff objects to this request on the grounds vague and ambiguous as to the phrase "releases." Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or the work product doctrine. Plaintiff likewise objects to the extent this request seeks information that is currently in the possession of Defendants – to the extent it seeks agreements already sent to Defendants.
>
> Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will produce agreements previously sent to Defendants' counsel.
>
> REQUEST FOR PRODUCTION NO. 11:
>
> Covenants not to sue whether actual or executory, with any person or entity identified, referred to, or discussed in the second amended complaint.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 11:
>
> Plaintiff objects to this request on the grounds vague and ambiguous as to the phrase "covenants not to sue." Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or the work product doctrine. Plaintiff likewise objects to the extent this request seeks information that is currently in the possession of Defendants – to the extent it seeks agreements already sent to Defendants.
>
> Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will produce agreements previously sent to Defendants' counsel.

Ex. 1, RFP's 9-11, p. 8-9. As such, if Plaintiff responds in objections on relevancy or other grounds, those objections are moot and have been waived.

    II.    **A CONFIDENTIALITY CLAUSE IN A SETTLEMENT AGREEMENT IS NOT GROUNDS TO WITHHOLD PRODUCTION**

A confidentiality clause in any settlement agreement between Plaintiff and Bokobza and/or King David is not a valid reason for refusing to produce the settlement agreement. *U.S. ex rel. RMP Capital Corp. v. Turner Construction,* 2012 U.S. Dist. LEXIS 177346, *8-9, 2012 WL 6552063, no. 6:11-cv-1717-Orl-19DAB (M.D. Fla. Dec. 12, 2012) ("While the parties to a

settlement may agree to keep it confidential, their agreement does not shield their settlement from discovery.").

### III.     SETTLEMENT AGREEMENTS ARE RELEVANT TO SHOW BIAS

In fact, settlement agreements are discoverable to show bias and prejudice by the settling defendants.  For example, the settlement agreement may be used to show Bokobza is incentivized to testify in a manner unfavorable to Guzi or if Plaintiff is singling Guzi out.  *U.S. ex rel. RMP Capital Corp.,* 2012 U.S. Dist. LEXIS 177346 at *7, 2012 WL 6552063 ("Turner anticipates calling representative of RMP and Bolena as witnesses at trial and believes the information it seeks may be relevant to show they are biased and prejudiced.  This is a sufficient good faith basis for Turner to request the information."); *Aviation Advisors Int'l, Inc. v. Transamerica Inv. Grp.,* Inc., 2010 U.S. Dist. LEXIS 150179, *4, no. 8:09-CV-588-T-23AEP ("Here, Hamilton asserts that TransAmerica representatives will testify at trial and that the settlement documents may be used to show bias or prejudice. The Court finds that such information is relevant within the meaning of Rule 26(b)(1) and may be admissible or lead to the discovery of admissible evidence.").

### IV.     ONE-SATISFACTION RULE

The settlement agreements are critical because of the "the one-satisfaction rule, which has its roots in elementary principles of tort law.  The rule generally provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors. . . . The one-satisfaction rule, by contrast, operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *BUC Int'l v. Int'l Yacht Council,* 517 F.3d 1271, 1276-1277 (11th Cir. 2008).

In *BUC,* the 11th Circuit held that a defendant in a copyright case was entitled to a

settlement agreement with other defendants per a Rule 60 motion filed post-trial to reduce the judgment.  *Id.* at 1273-1276.  The 11th Circuit held that the motion was timely despite being filed 9 months after the first day of trial because of difficulties in obtaining the settlement agreement from the plaintiff.  *Id.* at 1275-1276.  The defendant was entitled to a reduction in the judgment for the amounts paid by the other defendants because "to hold otherwise would allow a plaintiff to recover multiple times for a single injury, frustrating this elementary principle of tort law in a manner that we cannot imagine envisioned by Congress.  Thus, MLS and are entitled to a reduction in the judgment against them by the amounts received by BUC in settlement of claims for the same injury."  *Id.* at 1278.  Furthermore, BUC does not hold that a settlement agreement needs to only be produced after a judgment, as Plaintiff indicated that it would argue.  *Id.* at 1273-1278.

In this case, Plaintiff seeks only a disgorgement of King David's profits under 15 U.S.C. § 1117, which is why the case is now set for bench rather than jury trial.  [D.E. 184, p. 3-4; D.E. 188].  If, for example, Plaintiff is entitled to King David's profits and the profits by King David were $1,000 and Bokobza paid $500 and King David paid $400, then Plaintiff can only seek $100 from Guzi.  Otherwise, there would be a double recovery.

*Wherefore,* Guzi requests the Court to compel Plaintiff to produce any settlement and to tax fees and costs associated with this motion per Fed. R. Civ. P. 38(a)(5)(A).

Date:   September 3, 2021                                       Respectfully submitted,

                                                               Law Offices of James A. Stepan, P.A.
                                                               8570 Stirling Road Suite 102-161
                                                               Hollywood, FL 33024
                                                               (305) 607-0678

                                                               */s/ James A. Stepan*
                                                               James A. Stepan
                                                               Florida Bar No. 0184896
                                                               jstepan@stepanlaw.com

## CERTIFICATION OF GOOD FAITH CONFERENCE – CONFERRED BUT UNABLE TO RESOLVE THE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3), I, James A. Stepan, Esq. certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues, specifically by phone calls on August 23 and September 2, 2021 and the attached emails on August 31 and September 2, 2021.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021foregoing document was filed with the Clerk of the Court. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/James A. Stepan
Attorney for Defendant Ohad Guzi

## SERVICE LIST
### CASE NO.: 0:19-CV-62176-DIMITROULEAS/SNOW

Joseph William Bain, Esq.
jbain@shutts.com
Shutts & Bowen, LLP
525 Okeechobee Blvd., Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 650-8523
*Attorneys for Plaintiff Northstar Moving Holding Company, Inc.*

Deborah A. Gubernick, Esq.
dgubernick@swlaw.com
Snell & Wilmer, LLP
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
*Attorneys for Plaintiff Northstar Moving Holding Company, Inc.*

Itzhak Bokobza
King David Van Lines
c/o Itzhak Bokobza as registered agent
6477 S.W. 191 Avenue
Fort Lauderdale, FL 33332