UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-62176-DIMITROULEAS/SNOW

NorthStar Moving Holding Company, Inc.,
d.b.a. NorthStar Moving and NorthStar
Movers,

    Plaintiff,

v.

King David Van Lines, Ohad Guzi, and
Itzhak Bokobza,

    Defendants.

_____/

**JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT OHAD GUZI**

THIS CAUSE is before the Court upon the Court's Findings of Fact and Conclusions of Law, entered today by separate Order. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate final judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Judgment is entered in favor of Plaintiff NorthStar Moving Holding Company, Inc., d.b.a. NorthStar Moving and NorthStar Movers ("Plaintiff") and against Defendant Ohad Guzi ("Guzi") on the claims alleged against him in Plaintiff's Second Amended Complaint [DE 43]:

    a.  Count I - Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

    b.  Count VI – Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114(1)];

    c.  Count VIII – Contributory Trademark Infringement;

      d. Count X – Trademark Infringement under Florida Registration and Protection of Trademarks Act (FRPTA) [Section 495.131, Florida Statutes];

      e. Count XII – Trademark Infringement under Florida Common Law;

      f. Count XIV – Unfair Competition under Florida Deceptive and Unfair Trade Practices Act (FDUTPA) [Sections 501.201 to 501.213, Florida Statutes]; and

      g. Count XVI – Unfair Competition under Florida common law.

2. Judgment is hereby entered in favor of Plaintiff and against Defendant Guzi as to Count I[1] for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) in the amount of $100,000.00.

3. Judgment is hereby entered in favor of Plaintiff and against Defendant Guzi as to Counts IV and VI[2] for federal trademark infringement, 15 U.S.C. § 1114(1) in the amount of $13,059,727.60.

4. Plaintiff is entitled to its reasonable attorney's fees and costs as to its claims for trademark infringement, unfair competition, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Plaintiff shall be awarded its reasonable attorneys' fees and costs upon timely filing and service of a motion for attorneys' fees and/or non-taxable expenses and costs pursuant to Local Rule 7.3. Such motion shall be referred to the Magistrate Judge.

5. Plaintiff is awarded pre-judgment interest on all amounts claimed as permitted by law.

---

[1] Plaintiff has elected to recover statutory damages against Defendant Guzi with respect to Count I. *See* 15 U.S.C. § 1117(d).

[2] Plaintiff has elected to recover profits against Defendant Guzi with respect to Counts IV and VI for federal trademark infringement, 15 U.S.C. § 1114(1). *See* 15 U.S.C. § 1117(a). The Court exercised its discretion to enhance the award of profits to Plaintiff three times the amount of Defendant KDVL's gross sales for the infringing time period. *See* Court's Findings of Fact and Conclusions of Law.

6. Plaintiff is entitled to injunctive relief preventing Defendant Guzi from cybersquatting, trademark infringement, and unfair competition involving Plaintiff's trademarks.

7. Defendant Guzi and all persons in active concert and participation with Defendant Guzi are hereby permanently restrained and enjoined from:

    a. advertising, promoting, marketing, selling or offering to sell any infringing services using NORTHSTAR MOVERS or any mark confusingly similar to any of the Plaintiffs Marks identified in Paragraphs 25, 30, 35, 36 of Plaintiffs Second Amended Complaint [DE 43], including NORTHSTAR MOVING and NORTHSTAR (the "Plaintiffs Marks");

    b. registering or applying to register any mark, domain name, trade dress, social media profile/account, or other intellectual property of any kind that is confusingly similar to or likely to cause confusion with any of Plaintiff's Marks;

    c. using any logo, and/or layout which may be calculated to falsely advertise any services or products as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    d. falsely representing any entity, services, or products as being connected with Plaintiff, through sponsorship or association;

    e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services are in any way endorsed by, approved by, and/or associated with Plaintiff;

    f. using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods or services;

    g. using in connection with the sale of any services, a false description or representation, including words or other symbols tending to falsely describe or any moving company services affiliated with Guzi as being those of Plaintiff, or in any way endorsed by Plaintiff; and

    h. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g).

8. Defendant Guzi shall work cooperatively with Plaintiff, to the best of his ability, to correct the Residual Use of Plaintiff's Marks in the third-party websites [examples as shown in PX-24A-E, PX-122, PX-123] by requesting that the Residual Use be removed. Defendant Guzi shall work cooperatively with Plaintiff to execute any and all additional documents and authorizations and join phone calls arranged by Plaintiff that are required to permanently discontinue the Residual Use.

9. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

10. This Judgment shall accrue plus post judgment interest at the legal rate, for which let execution issue.

11. The Court retains jurisdiction to enforce the terms of the Judgment and Permanent

Injunction.

12. The Clerk is **DIRECTED** to **CLOSE** this case.

13. The Clerk is **DIRECTED** to **MAIL** a copy of this Order to Defendant Guzi at the address listed below.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida on this 22nd day of December, 2021.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished:
Counsel of record

Ohad Guzi, pro se
3740 N. 54th Avenue
Hollywood, FL 33021