UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-62176-CIV-DIMITROULEAS/HUNT

NORTHSTAR MOVING HOLDING
COMPANY, INC., D.B.A. NORTHSTAR
MOVING and NORTHSTAR MOVERS,

            Plaintiff,

v.

KING DAVID VAN LINES,
and OHAD GUZI,

           Defendants.
_____/

## REPORT AND RECOMENDATION

THIS CAUSE is before this Court on Plaintiff's Motions for the Court's Determination of the Amount of Attorneys' Fees against Defendants. ECF No. 288, 289. The Honorable William P. Dimitrouleas referred Plaintiff's Motions to the undersigned for a report and recommendation. ECF No. 290; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of Plaintiff's Motions, Defendant Ohad Guzi's Response, ECF No. 295, Plaintiff's Reply, ECF No. 296, the case file, and applicable law, the undersigned respectfully RECOMMENDS that Plaintiff's Motions be GRANTED IN PART and DENIED IN PART as set forth below.

### BACKGROUND

Plaintiff alleged in its complaint multiple counts against Defendants stemming from Defendants' alleged unlawful interference with Plaintiff's trademarks. ECF No. 1. A default judgment was entered against Defendant King David Van Lines on August 16, 2021. ECF No. 210. The District Court entered final judgment against Defendant Ohad

Guzi following a bench trial, where the Court determined that:

> Plaintiff is entitled to its reasonable attorneys' fees and litigation expenses that Plaintiff incurred in this litigation: Plaintiff is entitled to its reasonable attorney's fees and costs as to its claims for trademark infringement, unfair competition, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Plaintiff shall be awarded its reasonable attorneys' fees and costs upon timely filing and service of a motion for attorneys' fees and/or non-taxable expenses and costs pursuant to Local Rule 7.3.

ECF No. 275 at 2.

Plaintiff now seeks $1,027,514.30 in attorneys' fees from Defendants Guzi and King David Van Lines.

## ANALYSIS

As an initial matter, it is undisputed that Plaintiff is entitled to reasonable attorneys' fees. Defendant King David Van Lines did not respond, and Defendant Guzi did not contest entitlement. This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08–61592–CIV–DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate of a six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to

2

evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1]  *Id.*

### 1. Reasonable Hourly Rate

Plaintiff seeks attorneys' fees based upon professional services rendered.  Plaintiff requests an hourly rate ranging from $225 to approximately $525 for counsel.  ECF No. 288.

This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'"  *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion

---

[1] Defendant Guzi did not timely respond when this Court contacted the Parties regarding a hearing and the undersigned now concludes that a hearing is not necessary. A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303–04.  Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise. Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

>of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
>The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  The fee applicant bears the burden of establishing the claimed market rate.  The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered the attorneys' affidavits and the twelve factors. Because of their practice, reputation, and legal experience, counsel request the following hourly rates:  $475 per hour for Joseph W. Bain, a partner with 30 years of experience; $225 per hour for Jodi-Ann Tillman, an associate with one year of experience; $494.33 for Deborah A. Gubernick, a partner with over 15 years of experience; $524.11 for Christopher D. Bright, a partner with over 20 years of experience; and $318.04 for Andrew S. Green, an associate with over three years of experience.[2]  Defendant Guzi does not contest the rates.  After this Court's Order Requiring Notice of Previously Awarded Fees and Costs, ECF No. 338, Plaintiff's counsel responded that they had no relevant fee awards in this District.  ECF No. 339.

Plaintiff compared its attorneys' rates to the median rates of the 2021 American Intellectual Property Law Association's ("AIPLA") survey of hourly rates for practitioners in this legal area.  With the exception of Bright, all rates fell below the median range.  Still, this Court observes that both Bright and Gubernick's rates are higher than the most

---

[2] Although the attorneys' rates fluctuated over the course of litigation, Plaintiff has submitted the effective hourly rate of each attorney over the entire case.

4

experienced partner on the case. Accordingly, the undersigned recommends that both Bright and Gubernick's rates be lowered to $475, in keeping with both the AIPLA survey and their stated rates for counsel with similar experience. The undersigned finds the other requested rates reasonable.

### 2. Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434. "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

The undersigned notes that the District Court found that Defendant Guzi's "cybersquatting, trademark infringement, and unfair competition involving Plaintiff's trademarks [was] exceptional, *including in the manner in which it was litigated*," and that

5

"Guzi's actions were malicious, fraudulent, deliberate and willful."  ECF No. 274 at 22 (emphasis added).  The Court also found that "Guzi was unreasonable in the manner in which he litigated and delayed resolution of this action."  *Id.* at 23.

Plaintiff points to an extensive list of actions by Defendant Guzi that Plaintiff argues drove up the cost of the litigation unnecessarily.  ECF No. 288 at 3–4.  Plaintiff ultimately argues that "Defendant Guzi's overall litigation strategy was to cause delay, frustrate discovery and the ability for Plaintiff to put on its case, increasing the costs of litigation at every turn for Plaintiff."  *Id.* at 5.  The undersigned's review of the docket, as well as the District Court's prior rulings, bear out the truth of Plaintiff's accusations.[3]

Plaintiff asks that this Court allow Bain 581.20 hours, Tillmann 496.60 hours, Bright 272.8 hours, Gubernick 1,005.8 hours, and Green 357.50 hours, for services rendered.  The Court notes that Plaintiff has proposed its own reductions to its fees.  It first proposed what it calls a "21 [percent] voluntary across-the-board reduction" in its fees, from approximately $1.3 million to $1.02 million, accomplished in part, Plaintiff states, by taking out time entries for billers who billed less than 200 hours on the case.  ECF No. 296 at 4.  Later, Plaintiff proposed a further reduction, which it identifies as a 33 percent cut, to $867,000.  *See id.* at 10.

Defendant Guzi objects to Plaintiff's fees on the basis that the time entries are vague or otherwise redacted; that they reflect administrative or clerical tasks for which Plaintiff's counsel should not be compensated; that they are duplicative; that they seek compensation for issues relating to other parties; and that the hours are excessive and

---

[3] The undersigned notes that Defendant Guzi appears to continue this pattern, having submitted multiple "Notices" containing nonsensical arguments since this Motion was briefed.  *See e.g.* ECF Nos. 342, 343.

block billed. Defendant Guzi requests what he calls a 66 percent across-the-board reduction, asking this Court to award only $350,000 in attorneys' fees. ECF No. 295.

Having examined the voluminous hours claimed by Plaintiff, Defendant Guzi's concerns, and considering both Parties' recommendations, the undersigned finds an across the board cut appropriate. However, rather than a cut of the total amount, the undersigned finds a reduction in the hours claimed more appropriate. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). As such, and given the record, the undersigned finds that a 33 percent reduction in the hours expended on this case adequately addresses Defendant's concerns while still suitably compensating Plaintiff's counsel for their work. Therefore, the undersigned recommends that Bain be allowed 389.4 hours, Tillmann 332.72 hours, Bright 182.78 hours, Gubernick 673.89 hours, and Green 239.52 hours.

  3. <u>Lodestar Amount and Adjustment</u>

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves

7

exceptional delay in the payment of fees." *Id.* at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Plaintiff should be awarded $184,965 for the work of Joseph W. Bain, ($475 per hour for 389.4 hours), $74,862 for the work of Jodi-Ann Tillman ($225 per hour for 332.72 hours); $86,820.50 for the work of Christopher D. Bright ($475 per hour for 182.78 hours); $320,097.75 for the work of Deborah A. Gubernick ($475 per hour for 673.89 hours); and $76,183.30 for the work of Andrew S. Green ($318.04 per hour for 239.52 hours). The total amount of fees recommended is $742,928.05.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motions for the Court's Determination of the Amount of Attorneys' Fees against Defendants. ECF No. 288, 289, be GRANTED to the extent that Plaintiff be awarded attorneys' fees in the amount of $742,928.05. The Motion should be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn,* 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 26th day of August 2022.



PATRICK M. HUNT

UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record