UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-62176

NorthStar Moving Holding Company, Inc.,
d.b.a. NorthStar Moving and
NorthStar Movers,

Plaintiff,

vs.

King David Van Lines, Ohad Guzi,
and Itzhak Bokobza,

Defendants.



FILED BY _____ D.C.

OCT 31 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT

Now comes Ohad Guzi and files this response to Plaintiff's Motion for Contempt detailing why this Court should not hold Defendant in contempt for failing to comply with this prior Court's Order, to wit,

1) On or about August 22nd, 2022, Plaintiff NorthStar Moving Holding Company, inc., d.b.a. NorthStar Moving and NorthStar Movers via their Attorney Scott W. Konopka received Defendant's Tender pursuant to the Judgment of this Court.

2) NorthStar Moving Holding Company, inc., d.b.a. NorthStar Moving and NorthStar Movers via their Attorney Scott W. Konopka accepted the Tender in satisfaction of the Court's Order on 12-22-2021 (Doc 275), for full value, and did not return it.

3) The Defendant recognizes the Court's obligation under its Oath to support, protect and defend the Constitution of the United States and accepts the Court's Oath in full.

The Defendant also does not waive any of his rights recognized by the Constitution of the United States including the protections provided at Article 1, Section 10, Clause 1. ("No State shall… make any Thing but gold and silver Coin a Tender in Payment of Debts"). Therefore, the Court cannot make the presumption that the Defendant waives his right to be able to pay his debts in gold and silver Coin. The Defendant recognizes and understands and gives Notice to the Court that failure to comply with the Oath the Judge has taken will operate as perjury of Oath and other high crimes. The Defendant's Tender incorporates his protections identified within the Constitution of the United States and has remained unrebutted on the Record of the Case. The Defendant cannot be forced to comply with Court orders if they operate to violate the Defendant's protections identified in Article 1, Section 10, Clause 1 because Congress protected State Citizens Constitutional protections against collections outside of the limits of the Constitution. See Fed. R. Civ. P. 69(a)(1) which states the applicable procedure for executing a money judgment:

> (a)(1) A money judgment is enforced by a writ of execution unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The original findings of facts (Doc 274) did not describe the form of payment demanded of the defendant, and he was left to presume which form of payment was required in the completion of the form 1.977. Since there are two legal forms of payment in the United States of America, and only one form of payment is authorized by the Constitution, the Order and the form 1.977 itself failed to indicate which form of payment was to be used in the completion of form 1.977.

4) Florida Form 1.977 requires the defendant to sign the Form 1.977 under the penalty of perjury while at the same time does not define which system of accounting the defendant must use in its completion, does not make it clear what form of money it asks for since no court has defined "money" or "money of account" (see 31 U.S.C. 5101 notes). The lack of information supplied with the Florida Form 1.977, the vagueness of the Court's order, and the requirements of the Constitution of the United States combine to operate as a conflict of law that prejudices the Defendant and denies the Defendant enough information to respond with answers that he can swear by.

5) The Tender in this matter was issued on August 22, 2022 well after all the previous orders that ordered the Defendant to produce documents. Therefore, the unrebutted and accepted Tender in this matter makes all previous requests for information to complete execution Moot.

6) This hearing turns on how the Plaintiff can be allowed unjust enrichment by accepting the unrebutted Tender while trying to collect this satisfied judgment again in several other jurisdictions. For instance, See Case No. CACE 18029679 in the 17th Judicial Circuit in and for Broward County, Florida.

7) Defendant is without ability to complete Form 1.977 because it is void for vagueness in that it does not define which system of accounting the defendant must use in its completion, it does not define Gold and Silver coin as required by the Constitution of the United States at 1-10-1, or Federal Reserve Notes as identified as obligations of the United States. See Title 18 U.S.C. § 8. The form 1.977 is vague in that it does not differentiate between information concerning constitutionally approved forms of

money or other forms of credit payments/Federal Reserve Notes, and the court, nor the form 1.977 itself gives any direction

8) The Doc 274 Findings of Facts relates, "Guzi is individually liable for the trademark infringement in this case as a "moving, conscious force". As a moving, conscious force Defendant has no access to the financial records of King David Van Lines, a fact consistent with Doc 274 findings therefore, Ohad Guzi cannot comply with an impossible order. Simply put Ohad Guzi has no ability to access the financial information of a Corporation he does not own or control and cannot comply with that portion of the Courts Order.

9) Plaintiff attempts to work a fraud on this Court, and the Defendant, by purposefully withholding from the Court the fact that Defendant had rendered the Court's Order moot by making a Tender in the full amount of the judgment indicated in the Court's order of 12/22/2021.

10) The acceptance of the tender operates to make the need for the completion of any compliance forms that aid collection moot.

11) Under the current set of circumstances the Plaintiff's Motion for Contempt in this court is in bad faith, and could be the basis for penalties and sanctions under FRCP 11. against the Plaintiff's lawyers.

Prayer

For the forgoing reasons and for the evidence supplied, the Defendant requests the court to find that the Hearing for November 14, 2022 would be moot and serves no purpose.

By: *Ohad: Guzi*
Ohad Guzi
3740 N 54th Ave
Hollywood Florida
Email: gio9177761990@gmail.com;

## CERTIFICATE OF SERVICE

I, Ohad Guzi, do hereby certify that a true and correct copy of his **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT & AFFIDAVIT OF NON-RESPONSE** has been mailed postage prepaid to the following recipients on the 31 day of october, 2022.

| | |
|---|---|
| Lurana Snow, Magistrate Judge<br>℅ Clerk of the Court<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA<br>299 East Broward Boulevard #108<br>Fort Lauderdale, FL 33301 | Christopher D. Bright<br>Snell & Wilmer L.L.P<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626<br>Email: cbright@swlaw.com |
| Deborah A. Gubernick<br>Snell & Wilmer, L.L.P<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, CA<br>Email: dgubernick@swlaw.com | Jodi-Ann Rene Tillman<br>Shutts, Bowen LLP<br>200 East Broward Boulevard, Suite 2100<br>Fort Lauderdale, FL 33301<br>Email: jtillman@shutts.com |
| Scott W. Konopka<br>Mrachek Fitzgerald Rose Konopka Thomas & Weiss, P.A.<br>1000 SE Monterey Commons Boulevard<br>Suite 306<br>Stuart, FL 34996<br>Email: skonopka@mrachek-law.com | Joseph William Bain<br>Shutts & Bowen LLP<br>City Place Tower<br>525 Okeechobee Blvd<br>Suite 1100<br>West Palm Beach, FL 33401<br>Email: jbain@shutts.com |

By: ohad: Guzi
Ohad Guzi
3740 N 54th Ave, Hollywood Florida
Email: gio9177761990@gmail.com
Phone: