UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-62176-CIV-DIMITROULEAS/HUNT

NORTHSTAR MOVING HOLDING
COMPANY, INC., D.B.A. NORTHSTAR
MOVING and NORTHSTAR MOVERS,

        Plaintiff,

v.

KING DAVID VAN LINES,
and OHAD GUZI,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Motion for Order to Show Cause Why Guzi Should Not Be Held In Civil Contempt. ECF No. 337.  The Honorable William P. Dimitrouleas referred this motion to the undersigned for appropriate disposition or report and recommendation.  ECF No. 322; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R. Mag. R. 1.  The undersigned has carefully reviewed the motion and responses thereto, all supporting documentation, the court file, and applicable law.  Accordingly, the undersigned submits the following recommendations to Judge Dimitrouleas for his consideration.

## BACKGROUND

On December 22, 2021, the Court issued a Judgment and Permanent Injunction as to the Defendant Ohad Guzi. ECF No. 275. On May 13, 2022, Plaintiff served its First Request for Production in aid of execution.  Defendant Guzi failed to respond.  On July 21, 2022, the undersigned entered an Order requiring Guzi to respond to the First Request for Production on or before July 27, 2022. ECF No. 332.  Guzi again failed to respond.  Plaintiff then filed the instant Motion in response to Guzi's failure to comply

with this Court's Order.

This Court on October 21, 2022, issued an Order to Show Cause in response to the Motion, ECF No. 347, requiring Plaintiff to effect personal service on Guzi, requiring Guzi to respond to the Order, and setting an evidentiary hearing on the matter. The evidentiary hearing took place on November 14, 2022. Counsel for Plaintiff attended the hearing, but Guzi did not.[1] The matter is now ripe for a ruling.

## DISCUSSION

A party seeking an order of contempt bears the initial burden of demonstrating by clear and convincing evidence that the alleged contemnor has violated a valid court order. *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). The "clear and convincing" evidence must establish that an order was violated and that (i) the allegedly-violated order was valid and lawful; (ii) the order was clear and unambiguous; and (iii) the alleged violator had the ability to comply. *Id.* at 1516; *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1545 (11th Cir. 1996).

The focus of a court's inquiry in civil contempt proceedings is not the subjective intent of the alleged contemnors; rather, it is whether their conduct objectively complied with the terms of the order. *Khimani*, 892 F.2d at 1516. Thus, alleged contemnors must do more than merely assert they did not violate the order; they must introduce evidence

---

[1] Guzi on November 21, 2022, filed a Motion to reschedule the hearing, ECF No. 355, claiming he was ill and unable to attend the November 14, 2022 hearing. For the reasons discussed fn. 2, *infra*, such a rehearing is unnecessary. Accordingly, that Motion is denied. Further, Guzi has filed a Motion to Strike the affidavit of Plaintiff's Counsel, ECF No. 353, on the basis that Plaintiff's counsel failed to include language regarding perjury. As the affidavit clearly states, the declaration was given under oath, which is an acceptable form of verification. *See* Fla Stat. § 92.525(1). Accordingly, the Motion to Strike is likewise denied.

2

to support their claim. *Chanel, Inc. v. Krispin,* No. 08-23439-CIV-TORRES, 2010 WL 482237, at *3 (S.D. Fla. 2010).

The undersigned finds that this Court's Order, ECF No. 332, is unambiguous, valid, and enforceable. Furthermore, based on the affidavits submitted in support of Plaintiff's motion, the undersigned finds that Plaintiff has presented clear and convincing evidence that Guzi has not complied with this Court's Order requiring him to respond to Plaintiff's Request for Production; thus, Plaintiff has made a prima facie showing that he has violated, and continues to violate, this Court's Order.

Upon a plaintiff's prima facie showing by clear and convincing evidence of a violation of an order, the burden of production shifts to the defendants to show they were unable to comply with the order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). Plaintiff submitted credible evidence that it served Guzi with the Order to Show Cause. ECF No. 348. Although he did not attend the November 14, 2022 hearing, Guzi did respond to the Order, and his response deserves further consideration.

In Guzi's response, ECF No. 349, Guzi maintains that he has satisfied the judgment, and thereby apparently obviated his need to comply with this Court's Order, by submitting a "Tender" to Plaintiff's attorney. In a "Notice of Circumstances to the Court," ECF No. 342, Guzi avers that said "Tender" was "in the amount of 13,659,727.60 money of account units." Guzi attached a copy of this "Tender" with the Notice, which states:

> The United States Congress has declared in the notes to 31 U.S.C. 5101 that "money of account" or "money" for short, has not been defined by any Court. As soon as the unit "money" is defined and comes into general circulation and the use or possession of the unit does not prejudice my legal or constitutional rights in any manner I will fulfill this offer. Equal

3

application of the law requires that this promise be given the same weight and consideration as any other promise.

In essence, Guzi appears to have submitted an IOU to Plaintiff based on a supposed legal loophole. However, such arguments have already been attempted by others and found to be lacking. *See United States v. Kegley*, No. CV-13-5053-EFS, 2015 WL 9480031, at *4 (E.D. Wash. Dec. 29, 2015) ("[Defendant's] belief that he can pay this owed debt in gold or silver coins, or some other form of payment, other than United States legal tender is erroneous."). While courts should afford a litigant proceeding pro se leeway in pleadings, even pro se litigants must satisfy essential burdens. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. Crawford,* 906 F.2d 667, 670 (11th Cir.), *cert. denied,* 500 U.S. 933 (1991). Guzi has failed this requirement and has presented no evidence or credible explanation to rebut Plaintiff's prima facie showing that he failed to comply with this Court's unambiguous, valid, and enforceable Order requiring him to turn over documents responsive to Plaintiff's Request for Production. Moreover, the undersigned finds that nothing in Guzi's response demonstrates a good-faith attempt or inability to comply with that Order.[2]

Accordingly, the undersigned recommends that Guzi be found in civil contempt for failure to comply with said Order. Plaintiff has requested that Guzi be fined $100 per day for each day he fails to comply with this Court's Order, and the undersigned finds such a fine appropriate at this stage.

---

[2] Guzi has asked that this Court excuse his lack of attendance at the show-cause hearing and has requested that the Court reschedule the hearing. ECF No. 355. The Court first notes that Guzi did nothing to inform this Court prior to the hearing of any attendance issues. Further, the undersigned finds that such a rehearing would be futile, as Guzi's only argument against a contempt finding is his continued assertion of the misguided "tender" argument to justify his non-compliance. *See* ECF No. 354.

RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Motion, ECF No. 337, be GRANTED as follows:

- Guzi should be found to be in contempt of this Court's Order, ECF No. 336;
- Defendant should incur a $100 fine per each day he remains in non-compliance with this Court's Order, ECF No. 336;
- This fine should begin to accrue only if and when the District Court adopts the undersigned's Recommendation;
- Plaintiff is entitled to attorney's fees and costs associated with this Motion.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 1st day of December 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record
Ohad Guzi
3740 N. 54th Avenue,
Hollywood, FL 33021
PRO SE